# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| KATHRINE CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV617-138 |
| | ) | |
| RICHARD MALLARD, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Kathrine Clark, proceeding *pro se*, filed this civil Complaint (which she characterizes as a "Criminal Complaint") alleging malfeasance by Bulloch County District Attorney Richard Mallard and seeking "a warrant application hearing (authorized under 18 [U.S.C. §§] 3041 and 3142) for the arrest, setting or denial of bond, of one RICHARD MALLARD, and further, that the United States Attorney be Ordered that this matter be bound over to a Federal Grand Jury for the purpose of said Grand Jury's inquisitorial and presentment power relative to the question of a finding of probable cause contained herein." Doc. 1 at 8. She also seeks leave to pursue her case *in forma pauperis*. Doc. 2. Since

it appears that she is indigent,[1] the Court **GRANTS** her request. The Court, therefore, proceeds to screen her Complaint. *See* 28 U.S.C. § 1915(e)(2) (requiring court to dismiss a case if "at any time" it determines that the action "fails to state a claim on which relief may be granted").

Clark's Complaint fails to state a claim upon which relief can be granted. Private citizens are simply not permitted to initiate criminal actions in federal court. *See, e.g., Lopez v. Robinson,* 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution." (citing *Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("[A] private citizen has no authority to initiate a federal criminal prosecution."). The

---

[1] The financial information that Clark has provided in support of her request raises some questions. She states that her gross pay is $56.00 per month, but her take home pay is only $18.10. *See* doc. 2 at 1. She lists no source for that income. *Id.* She also states that she supports her daughter, but lists no regular monthly expenses. *Id.* at 2. Normally, the Court would require further financial information to resolve the questions raised by those assertions. *See, e.g.*, *Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345, 1346-48 (S.D. Ga. 2013); *Robbins v. Universal Music Group*, 2013 WL 1146865 at * 1 (S.D. Ga. Mar. 19, 2013). As explained below, her claims are due for dismissal. Further investigation of her financial status is, therefore, unnecessary.

Court is also without authority to order the United States Attorney to initiate a prosecution. *See Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 379 (2nd Cir. 1973) (citations omitted) ("federal courts have traditionally and, to our knowledge, uniformly refrained from overturning, at the insistence of a private person, discretionary decisions of federal prosecuting authorities not to prosecute persons regarding whom a complaint of criminal conduct is made[,] . . . even in cases . . .where . . . serious questions are raised as to the protection of the civil rights and physical security of a definable class of victims of crime and as to the fair administration of the criminal justice system."). Such orders would violate the Constitution's separation of powers between the Executive and Judicial Branches. *See id.* at 379-80 (quotes and cite omitted) (the United States Attorney, although a member of the bar and an officer of the court, "is nevertheless an executive official of the Government, and it is as an officer of the executive department that he exercises a discretion as to whether or not there shall be a prosecution in a particular case."). Her Complaint, therefore, should be **DISMISSED**.[2]

---

[2] Since Clarke is proceeding *pro se*, the Court must construe her Complaint liberally. *See Sec'y, Fla. Dep't of Corr. v. Baker*, 406 F. App'x 416, 421 (11th Cir. 2010) ("*Pro se* pleadings must be liberally construed, though the courts may not serve as de facto

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and

---

counsel for the litigant or rewrite an otherwise deficient pleading in order to sustain an action."). Even then, her allegations fail to establish a basis for this Court's jurisdiction. The federal statutes she cites do not create any private right of action. *Compare* doc. 1 at 3 (listing as bases for federal question jurisdiction 18 U.S.C. § 1512, 18 U.S.C. §§ 241 and 242, and 18 U.S.C. § 1702); *with, e.g., Shahin v. Darling*, 606 F. Supp. 2d 525, 538-39 (D. Del. 2009) ("Plaintiff . . . has no private cause of action for the alleged violation of 18 U.S.C. § 1512.") (cites omitted); *Davis v. Sarles*, 134 F. Supp. 3d 223, 228 (D.D.C. 2015) (cites omitted)(there is no private right of action under 18 U.S.C. §§ 241 and 242); *and Berlin Democratic Club v. Rumsfeld*, 410 F. Supp. 144, 162 (D.D.C. 1976) ("Section 1702 is purely a criminal statute and cannot support a civil cause of action, [Cit.]."). The absence of any colorable basis for either federal question or diversity jurisdiction provides an alternative basis to **DISMISS** the Complaint. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (party asserting federal jurisdiction bears the burden of rebutting presumption that cases lie outside that limited jurisdiction).

recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this  31st  day of October, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA